# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1507V
UNPUBLISHED

|  |  |
|---|---|
| WISTERIA PEOPLES, on behalf of her daughter, S.P., a minor,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 19, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 2, 2020, Wisteria Peoples filed a petition for compensation on behalf of her minor daughter, S.P. under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that her daughter suffered from Guillain-Barre Syndrome as result of an influenza vaccination on December 7, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 18, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On November 10, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $17.866.35 to satisfy the State of Ohio Medicaid lien and $85,000.00, the amount proffered as sufficient to purchase an annuity contract as described in Proffer Section I.B. Proffer at 2-3. In the

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **A lump sum payment of $17,866.35 in the form of a check jointly payable to Petitioner and Ohio Tort Recovery Unit, Case Number 1185078, 5475 Rings Road, Suite 200, Dublin, OH 43017.** This amount represents compensation for all damages that would be available under Section 15(a)(1)(B);

- **An amount of $85,000.00 to purchase the annuity contract described in the Proffer Section I.B.** This amount represents all remaining elements of compensation to which S.P. would be entitled under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        **s/Brian H. Corcoran**
                                        Brian H. Corcoran
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WISTERIA PEOPLES,<br>on behalf of her daughter, S.P., a minor,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 20-1507V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 12, 2021, respondent filed a Vaccine Rule 4(c) report concluding that petitioner's child, S.P., suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34, that is, an episode of Guillain-Barre syndrome ("GBS"), as defined in the Vaccine Injury Table. Accordingly, on May 18, 2021, the Chief Special Master issued a Ruling on Entitlement.

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should S.P. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

I.  **Items of Compensation**

    A.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Ohio Medicaid lien in the amount of **$17,866.35**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of S.P. from the date of her eligibility for benefits through the date of judgment in this case as a result of S.P.'s alleged vaccine-related injury suffered on or about December 7, 2017, under Title XIX of the Social Security Act. Reimbursement of the State of Ohio Medicaid lien shall be made through a lump sum payment of **$17,866.35**, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to petitioner and:

> Ohio Tort Recovery Unit
> Case Number 1185078
> 5475 Rings Road Suite 200
> Dublin, OH 43017

Petitioner agrees to endorse the check to the Ohio Tort Recovery Unit for satisfaction of the Medicaid lien.

    B.  Pain and Suffering

For pain and suffering, respondent proffers that petitioner should be awarded an amount of $85,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

2

the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to S.P. as set forth below:

Beginning September 11, 2024, $10,881.28 semi-annually for four (4) years certain. The purchase price of the annuity described in this section I. B. shall neither be greater nor less than $85,000.00.  In the event that the cost of the certain annuity payments set forth above varies from $85,000.00, the semi-annual payments set forth above shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $85,000.00.  Should S.P. predecease any of the certain annuity payments set forth above, any remaining certain payments shall be made to her estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of S.P.'s death.

These amounts represent all elements of compensation to which S.P. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[5]

---

      a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] At the time the annuity payments will be received, S.P. will be an adult, and thus guardianship is not required.

**II.**     **Summary of Recommended Payments Following Judgment**

    A.     A lump sum of **$17,866.35** for reimbursement of a Medicaid lien**;** and

    B.     An amount of **$85,000.00** to purchase the annuity contract described above in section I.B.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI PATTON
Assistant Director
Torts Branch, Civil Division

/s/ Julia M. Collison
JULIA M. COLLISON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:    (202) 305-0102
Julia.collison@usdoj.gov

Dated:          November 10, 2021