# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1507V
(not to be published)

| | |
|---|---|
| WISTERIA PEOPLES, on behalf of her daughter, S.P., a minor,<br><br>　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 13, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 2, 2020, Wisteria Peoples ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that her daughter suffered from Guillain-Barre Syndrome as result of an influenza vaccination on December 7, 2017. (Petition at 1). On November 19, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 36).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated November 20, 2021, (ECF No. 40), requesting a total award of $25,748.35 (representing $25,263.10 in fees and $485.25 in costs). In accordance with General Order No. 9, Petitioner field a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 40-4). Respondent reacted to the motion on November 24, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and defers resolution of the amount to be awarded to my discretion. (ECF No. 41). On November 24, 2021, Petitioner filed a reply indicating that Petitioner does not intend to file a substantive reply to Respondent's response.  (ECF No. 42).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$25,748.35** (representing $25,263.10 in fees and $485.25 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.